


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAROLD BORMAN and<br>LAURA BORMAN,<br><br>          Plaintiffs,<br><br>vs.<br><br>EASTON BELL SPORTS, INC.,<br><br>          Defendant. | CIV. #14-_____<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiffs, Darold Borman and Laura Borman, by and through their attorneys, Johnson, Heidepriem & Abdallah, LLP, and for their causes of action against the Defendant, hereby state and allege as follows:

## PARTIES

1.

Plaintiff Darold Borman is a citizen of South Dakota and resides in Sioux Falls, Minnehaha County, South Dakota.

2.

Plaintiff Laura Borman is a citizen of South Dakota and resides in Sioux Falls, Minnehaha County, South Dakota. She is married to Plaintiff Darold Borman.

3.

Defendant Easton Bell Sports, Inc. is a citizen of California. Its corporate headquarters is located in Van Nuys, California.

1

## JURISDICTION & VENUE

4.

Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon diversity of the parties. The amount in controversy exceeds the sum of $75,000.

5.

Venue exists in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

6.

On or about June 21, 2011, Plaintiff Darold Borman was exercising in his home on an exercise ball designed and manufactured by Defendant Easton Bell Sports, Inc., when the ball he was exercising on suddenly and without warning burst, propelling him to the floor.

7.

After the exercise ball burst, Darold landed on his chin, chest, and pelvis and sustained severe injuries that required him to be immediately transported to the emergency room and hospitalized for his injuries.

8.

While hospitalized, Darold underwent five surgeries, lost the use of his arms and legs and was placed in a medically induced coma.

9.

Darold has undergone intensive rehabilitation and physical therapy. Despite these intensive therapies, Darold still suffers deficits from his injuries. Because of his condition, the Bormans have redesigned their home to be handicapped accessible.

## COUNT I
### Strict Liability - Defective Design

10.

Plaintiffs realleges the preceding paragraphs and incorporate them as if set forth fully herein.

11.

Easton Bell Sports, Inc. sold the exercise ball in a defective condition in that it exploded upon normal use, which made it unreasonably dangerous to users and consumers like Plaintiff Darold Borman.

12.

The defect existed at the time the exercise ball left the control of Easton Bell Sports, Inc.

13.

Easton Bell Sports, Inc. expected the exercise ball to reach the ultimate user or consumer without any change in the condition in which it was sold, and it did so.

14.

Plaintiff could not by the exercise of reasonable care have discovered the defect.

15.

Plaintiff was unaware, before the occurrence, that the exercise ball was defective and unsafe for its intended use.

16.

The defective condition of the exercise ball was the proximate cause of serious and substantial injuries to Plaintiff, including, but not limited to medical expenses, past and future, lost wages, conscious pain and suffering, as well as permanent disability, disfigurement, and loss of enjoyment of life.

17.

Easton Bell Sports, Inc. is strictly liable for all resulting damages allowable under the law.

18.

The actions of Easton Bell Sports, Inc. were intentional, malicious (whether express or implied), and done with willful, wanton, and reckless disregard of the rights of Plaintiff, entitling him to punitive damages under South Dakota law.

## COUNT II
### Strict Liability - Failure to Warn

19.

Plaintiffs reallege the preceding paragraphs and incorporate them as if set forth fully herein.

20.

A danger existed associated with a foreseeable use of the exercise ball in that it exploded upon normal use.

21.

An inadequate warning was given by Easton Bell Sports, Inc. regarding this danger.

22.

As a result of the inadequate warning given by Easton Bell Sports, Inc., the exercise ball was rendered defective and unreasonably dangerous.

23.

The defective and unreasonably dangerous condition existed at the time the exercise ball left Easton Bell's control.

24.

The defective condition of the exercise ball was the proximate cause of serious and substantial injuries to Plaintiff Darold Borman, including but not limited to, medical expenses,

past and future, lost wages, and conscious pain and suffering, as well as permanent disability, disfigurement, and loss of enjoyment of life.

25.

Easton Bell is strictly liable for all resulting damages allowable under the law.

26.

The actions of Easton Bell Sports, Inc. were intentional, malicious (whether express or implied), and done with willful, wanton, and reckless disregard of the rights of Plaintiff, entitling him to punitive damages under South Dakota law.

## COUNT III
### Strict Liability - Defective Manufacture

27.

Plaintiffs reallege the preceding paragraphs and incorporate them as if set forth fully herein.

28.

Defendant is the researcher, developer, manufacturer, distributor, marketer, promoter, supplier, and seller of the exercise ball, which is defective and unreasonably dangerous to consumers because it explodes upon normal use.

29.

The exercise ball is defective in its manufacturing, rendering it unreasonably dangerous and unsuitable for its intended purpose because it explodes upon normal use.

30.

This defective and dangerous condition existed at the time the exercise ball left the control of Defendant, in that was not reasonably fit for the ordinary and reasonably foreseeable purposes for which it was sold or manufactured and expected to be used in that the exercise ball explodes upon normal use.

31.

The exercise ball was expected to and did reach Plaintiff Darold Broman without a substantial unforeseeable change in the condition the exercise ball was in when it left the control of Defendant.

32.

As a direct and proximate result of the Defendant's placement of the defective exercise ball into the stream of commerce, Plaintiff Darold Borman experienced serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability, disfigurement, and loss of enjoyment of life.

33.

The actions of Easton Bell Sports, Inc. were intentional, malicious (whether express or implied), and done with willful, wanton, and reckless disregard of the rights of Plaintiff, entitling him to punitive damages under South Dakota law.

## COUNT IV
### Negligence

34.

Plaintiffs reallege the preceding paragraphs and incorporate them as if set forth fully herein.

35.

Defendant Easton Bell had a duty to exercise reasonable care in designing, researching, manufacturing, marketing, supplying, promoting, testing, and distributing the exercise ball into the stream of commerce.

36.

Defendant knew or should have known that the exercise ball could burst and injure consumers.

37.

Despite this knowledge, Defendant failed to exercise reasonable care by continuing to market, manufacture, distribute, and sell the exercise ball.

38.

As a direct and proximate result of Defendant's placement of the defective exercise ball into the stream of commerce, Plaintiff Darold Borman experienced serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability, disfigurement, and loss of enjoyment of life.

39.

The actions of Easton Bell Sports, Inc. were intentional, malicious (whether express or implied), and done with willful, wanton, and reckless disregard of the rights of Plaintiff, entitling him to punitive damages under South Dakota law.

## COUNT V
### Negligent Failure to Warn

40.

Plaintiffs reallege the preceding paragraphs and incorporate them as if fully set forth herein.

41.

Before Plaintiff Darold Borman used the exercise ball, Defendant knew or had reason to know of the true risks and dangerous conditions of the exercise ball, including that the ball could explode.

42.

Defendant had a duty to exercise reasonable care and warn users of the true risks and dangerous condition of the exercise ball.

43.

Despite the fact that Defendant knew or had reason to know that the exercise ball was dangerous, Defendant failed to exercise reasonable care in warning consumers, including Plaintiff, of the true risks and dangerous conditions of the exercise ball.

44.

As a direct and proximate result of Defendant's placement of the defective placement of the defective exercise ball into the stream of commerce, Plaintiff Darold Borman experienced serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability, disfigurement, and loss of enjoyment of life.

45.

The actions of Easton Bell Sports, Inc. were intentional, malicious (whether express or implied), and done with willful, wanton, and reckless disregard of the rights of Plaintiff, entitling him to punitive damages under South Dakota law.

## COUNT VI
### Breach of Express Warranty

46.

Plaintiffs reallege the preceding paragraphs and incorporate them as if set forth fully herein.

47.

Defendant manufactured, labeled, advertised, distributed, and sold the exercise ball at issue in this case.

48.

Defendants expressly warranted that the exercise ball was reasonably fit for use as home exercise equipment.

49.

The above representations contained or constituted affirmations of fact or promises made by the seller to the buyer which related to the goods and became part of the basis of the bargain, creating an express warranty that the goods shall conform to the affirmations of the fact or promise.

50.

The above representations made by Defendant were meant to directly or indirectly induce persons such as Plaintiff to purchase the exercise ball.

51.

Plaintiff Darold Borman purchased the product from Defendant. Plaintiff was a foreseeable user of the product and an intended third-party beneficiary of the warranty.

52.

The exercise ball does not conform to these express representations because it is not reasonably fit, suitable or safe, as the product failed while being used for its intended purpose, causing injury to Plaintiff.

53.

Defendant breached its express warranty in one or more of the following ways:

(a) The exercise ball, as designed, manufactured, sold, and supplied by Defendant, was defective and unsafe in that it exploded upon normal use;

(b) Defendant failed to warn and/or place adequate warnings and instructions on the exercise ball that it may explode upon normal use;

(c) Defendant failed to adequately test the exercise ball.

54.

Plaintiff reasonably relied upon Defendant's representation that the exercise ball was a safe piece of home exercise equipment and free of defects.

55.

As a direct and proximate result of Defendant's placement of the defective exercise ball into the stream of commerce, Plaintiff Darold Borman experienced serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability, disfigurement, and loss of enjoyment of life.

## COUNT VII
**Breach of Implied Warranty of Merchantability**

56.

Plaintiffs reallege the preceding paragraphs and incorporate them as if set forth fully herein.

57.

Defendant designed, manufactured, tested, marketed, and distributed the exercise ball into the stream of commerce.

58.

At the time Defendant marketed, distributed, and sold the exercise ball to Plaintiff, Defendant impliedly warranted that the exercise ball was merchantable and fit for the ordinary purposes of its intended use as home exercise equipment.

59.

Plaintiff purchased the product from Defendant and was a foreseeable user of the product and an intended beneficiary of the warranty.

60.

The exercise ball was not merchantable and fit for its ordinary purpose, as the product failed while being used for its intended purpose, causing injury to Plaintiff.

61.

Plaintiff reasonably relied on Defendant's representations that the exercise ball was a safe piece of home exercise equipment and free of defects.

62.

As a direct and proximate result of Defendant's placement of the defective placement of the defective exercise ball into the stream of commerce, Plaintiff Darold Borman experienced serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability, disfigurement, and loss of enjoyment of life.

## COUNT VIII
### Breach of Implied Warranty of Fitness for a Particular Purpose

63.

Plaintiffs reallege the preceding paragraphs and incorporate them as if set forth fully herein.

64.

Defendant designed, manufacture, tested, marketed and distributed the exercise ball into the stream of commerce.

65.

Defendant sold the exercise ball with the implied warranty that the product was reasonably fit for the particular purpose as a safe piece of home exercise equipment.

66.

Plaintiff purchased the product from Defendant. Plaintiff was a foreseeable user of the product and an intended beneficiary of the warranty.

67.

The exercise ball was not fit for the particular purpose as a safe piece of home exercise equipment, as the product failed while being used for its intended purpose, causing injury to Plaintiff.

68.

Plaintiff reasonably relied on Defendant's representations that the exercise ball was a safe piece of home exercise equipment and free of defects.

69.

As a direct and proximate result of Defendant's placement of the defective exercise ball into the stream of commerce, Plaintiff Darold Borman experienced serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability, disfigurement, and loss of enjoyment of life.

## COUNT IX
**Loss of Consortium**

70.

Plaintiffs reallege the preceding paragraphs and incorporate them as if set forth fully herein.

71.

As a proximate result of Defendant's negligence and strict liability, Plaintiff Laura Borman has suffered and will continue to suffer a loss of consortium including but not limited to the loss of society, companionship, conjugal affections, comfort, and assistance of her husband, all of which are compensable under South Dakota law.

WHEREFORE, Plaintiffs pray for the following relief:

(1)　For Plaintiffs' compensatory, general, punitive and special damages in an amount that the jury deems just and proper under the circumstances;

(2)　For Plaintiffs' costs and disbursements herein;

(3)　For prejudgment and post-judgment interest; and

(4)　For such other and further relief as the Court determines to be just and proper.

Dated this 10th day of April, 2014.

JOHNSON, HEIDEPRIEM
& ABDALLAH, L.L.P.

BY _____
Scott N. Heidepriem (scott@jhalawfirm.com)
Vincent A. Purtell (vince@jhalawfirm.com)
Ronald M. Parsons, Jr. (ron@jhalawfirm.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

_____
Scott N. Heidepriem
Vincent A. Purtell
Ronald M. Parsons, Jr.